Terry TOOPS, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 09A05–9308–CR–00304.

Court of Appeals of Indiana,
Fifth District.

Nov. 30, 1994.

Susan K. Carpenter, Public Defender, David P. Freund, Deputy Public Defender, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Jodi Kathryn Rowe, Deputy Atty. Gen., Indianapolis, for appellee.

## OPINION

RUCKER, Judge.

The driver of the car in which Terry Toops was a passenger panicked at the sight of police and dove into the back seat. When the car began to careen out of control, Toops grabbed the steering wheel and drove for some distance even though he was intoxicated at the time. Toops was ultimately convicted of Count I—Operating A Vehicle While Intoxicated, Count II—Operating A Vehicle With 10% Or More Of Alcohol In Blood, Count III—Operating A Vehicle While Intoxicated With A Prior Offense Of Operating While Intoxicated, and Count IV—Operating A Vehicle With 10% Or More Alcohol In Blood With A Prior Offense Of Operating A Vehicle While Intoxicated.

Toops now appeals raising four issues for our review. However, because one issue is dispositive we address it only: whether the trial court erred in refusing Toops's proposed jury instruction regarding the defense of necessity.

We reverse.

In the late evening hours of October 30, 1992, Terry Toops, Warren Cripe and Ed Raisor were present at Toops's home in Logansport, Indiana drinking beer. Around 3:00 a.m. the following morning the trio decided to drive to a store in town. Because he was intoxicated, Toops agreed to allow Cripe to drive Toops's car. Toops sat in the front passenger seat and Raisor sat in the rear. Toops began to feel ill during the drive and stuck his head out the window for fresh air. In the meantime, Sheriff's Deputy Michael Day and Town Marshall Gary Layer were on routine patrol when they observed a person later identified as Toops hanging out the car window. The officers decided to investigate and made a u-turn to follow the car. Cripe saw the patrol car turn around and panicked because he was a minor and had been drinking. He let go of the steering wheel and jumped into the back seat of the car. The car began to careen out of control, leaving its lane, veering into the northbound lane of traffic then veering back into the southbound lane. Toops finally slid into the driver's seat and brought the car under control.

The officers overtook the car and noted that Toops, whom they had originally seen hanging out of the car window, was now seated behind the steering wheel. The officers also noted that Cripe and Raisor were seated in the back seat of the car. At the officers' request, Toops submitted to a breath test which revealed a BAC of .21%. As a result Toops was arrested and charged with various alcohol related traffic offenses. He was also charged with Criminal Recklessness, Operating a Vehicle Without a Seat Belt, and Driving Left of Center, all of which the State dismissed prior to trial. After a trial by jury Toops was convicted on all remaining counts. This appeal ensued in due course.

At the close of evidence Toops tendered the proposed jury instruction:

The Defendant in this case has raised the defense of "Necessity" to excuse his assuming the controls of the vehicle at a time when he was intoxicated. "Necessity" involves a choice between two admitted evils where other options are unavailable. "Necessity" justifies illegal conduct if that conduct was the sole reasonable alternative available to Defendant given the circumstances of the case.

In this case, the Defendant, Terry Toops, has admitted that he assumed control of the vehicle at a time when he was intoxicated. If you find that the Defendant's illegal conduct was justified by the circumstances, then you should find the Defendant "Not Guilty."

*Record* at 91. The trial court refused to give the instruction indicating "I cannot find that necessity is a recognized defense in the State of Indiana." *Record* at 390–91.

The origins of the necessity defense are lost in antiquity. At least one writer advances the notion that it may be traced to the Bible itself, the analogy being the destruction of property to save human lives: "Then the mariners were afraid, and cried every man unto his god, and cast forth the wares that were in the ship into the sea, to lighten it of them." Charles E. Torcia, *Wharton's Criminal Law* § 90 (15th ed. 1993) quoting Jonah, c. 1, v. 5. In the criminal context the defense of necessity arose in the common law to excuse criminal conduct when a defendant was confronted with two evils and chose to engage in the prohibited conduct because it represented the lesser of the two evils. The underlying rationale is that to impose punishment upon a person who acted reasonably to avoid the greater harm serves neither to rehabilitate that person nor to deter others presented with a similar situation. It has also been observed that "[n]o action ... can be criminal if it is not possible for a man to do otherwise. An unavoidable crime is a contradiction; whatever is unavoidable is no crime; and whatever is a crime is not unavoidable." John H. Gillett, *Gillett On Criminal Law* § 7 (2d Ed.1895) quoting Rutherforth's Inst. c. 18, sec. 9.

One of the leading decisions in this country recognizing the defense of necessity in a criminal law context is found in the landmark case of *United States v. Holmes,* 26 Fed.Cas. 360 (No. 15,383) (C.C.E.D.Pa.1842). In that case a ship sank at sea forcing the survivors to crowd into a leaking lifeboat. The crew decided to throw sixteen passengers overboard to prevent the boat from sinking. Holmes, a crew member who participated in tossing passengers into the sea, was convicted of manslaughter and sentenced to six months' imprisonment. On appeal Holmes argued that his conduct was justified given the choices confronting him. Although rejecting Holmes's argument because the method of determining who was to live or die was not fair, the court nonetheless accepted the principle that committing a harm, even the taking of human life, could sometimes be justified because it avoided the loss of even more lives, which was a greater harm. *Id.*

The common law defense of necessity has evolved over the years and is often referred to as the "choice of evils" defense. In some jurisdictions the elements of the defense have been given statutory recognition,[1] and in other jurisdictions the elements have been set forth in the case law.[2] Although the confines of the necessity defense vary from jurisdiction to jurisdiction, the central element involves the emergency nature of the situation. That is, under the force of extreme circumstances, conduct that would otherwise constitute a crime is justifiable and not criminal because of the greater harm which the illegal act seeks to prevent.

 Neither this court nor our supreme court has had occasion to discuss the parameters or the applicability of the common law necessity defense in a criminal context. However, our supreme court has recognized the existence of the defense. *See Walker v. State* (1978), 269 Ind. 346, 381 N.E.2d 88 (declining to "wrestle with its obvious complexities" and refusing to apply the defense in a prison escape case). In any event, contrary to the State's argument, to say that the common law defense of necessity is not a recognized defense in the State of Indiana is incorrect. True, it has not been addressed in any substantive way by a court of review in this State. However, while there are no common law crimes in this State, the same is not true for common law defenses. The law in this jurisdiction is well settled that a defendant in a criminal case is entitled to have the jury instructed on any theory or defense which has some foundation in the evidence.

1. See, *e.g.,* Haw.Rev.Stat. § 703–302 which dictates:

 Choice of evils. (1) Conduct which the actor believes to be necessary to avoid an imminent harm or evil to himself or to another is justifiable provided that:
 (a) The harm or evil sought to be avoided by such conduct is greater than that sought to be prevented by the law defining the offense charged; and
 (b) Neither the Code nor other law defining the offense provides exceptions or defenses dealing with the specific situation involved; and
 (c) A legislative purpose to exclude the justification claimed does not otherwise plainly appear.
 (2) When the actor was reckless or negligent in bring about the situation requiring a choice of harms or evils or in appraising the necessity for his conduct, the justification afforded by this section is unavailable in a prosecution for any offense for which recklessness or negligence, as the case may be, suffices to establish culpability.
 For similar provisions also see Neb.Rev.Stat. § 28–1407; Or.Rev.Stat. § 161.200.; 18 Pa. Cons.Stat. § 503.

The state of Missouri specifically excludes the availability of the defense for the crimes of Murder and certain other felonies, Mo.Rev.Stat. § 563.026, and in the states of Colorado, Delaware, New York, and Missouri the defense is not available to an actor who bases his violation on the immorality of the statute he is charged with violating. Colo.Rev.Stat. § 18–1–702; Del.Code Ann. tit. 11 § 463; N.Y.Penal Law § 35.05.

2. In California for example there is a six-part test: (1) the act charged as criminal must have been done to prevent a significant evil; (2) there must have been no adequate alternative to the commission of the act; (3) the harm caused by the act must not be disproportionate to the harm avoided; (4) the accused must entertain a good-faith belief that his act was necessary to prevent the greater harm; (5) such belief must be objectively reasonable under all the circumstances; and (6) the accused must not have substantially contributed to the creation of the emergency. *People v. Pena* (1983), 149 Cal.App.3d Supp. 14, 197 Cal.Rptr. 264, 271 (reversing trial court's refusal to give instruction on defense of necessity to a defendant charged with driving under the influence where he did so to prevent imminent harm to a third party).

*Clemens v. State* (1993), Ind., 610 N.E.2d 236, *reh'g denied; Warren v. State* (1984), Ind., 470 N.E.2d 342. And this is so even if the evidence is weak or inconsistent. *Harrington v. State* (1980), Ind.App., 413 N.E.2d 622. There is no question that the evidence presented in this case raised a jury question as to whether Toops's control of the car while intoxicated, an illegal act, was necessary to prevent a greater harm, namely: an automobile collision potentially resulting in personal injury or property damage. Because the trial judge has a statutory duty to state to the jury "all matters of law which are necessary for their information in giving their verdict" Ind.Code § 35–37–22(5), the failure to give any instruction on the necessity defense in this case was error.

■■■■ We recognize that the test for reviewing the propriety of the trial court's decision to refuse a tendered instruction is: (1) whether the instruction correctly states the law; (2) whether there was evidence in the record to support the giving of the instruction; and (3) whether the substance of the instruction is covered by other instructions given by the court. *Evans v. State* (1991), Ind., 571 N.E.2d 1231. In this case the record is clear that the second and third prongs of the test were met. The State contends, however, that the first prong is missing here, namely: Toops's tendered instruction is an incorrect statement of the law. Thus, the argument continues, the trial court did not err in refusing to give the instruction. We disagree. By covering the general confines of the necessity defense, Toops's instruction was correct but incomplete. However, to be upheld an instruction need not be a full statement of the law as long as it is a correct statement of the law. *Jarrett v. State* (1991), Ind.App., 580 N.E.2d 245, *trans. denied*, citing *Lopez v. State* (1988), Ind., 527 N.E.2d 1119, 1131. Here, the trial court not only refused to give Toops's tendered instruction, the court refused to give any instruction, reasoning the defense of necessity was not recognized in this State. This was error.

■■■ However, having determined error does not mean that we endorse the wording of Toops's proposed instruction. As we have indicated, the instruction represents an in-

complete statement of the law. That incompleteness is understandable however because no Indiana case has specifically set forth the elements of the necessity defense. In that regard we agree with the California court's holding in *People v. Pena* (1983), 149 Cal. App.3d Supp. 14, 197 Cal.Rptr. 264, 271, that the following requirements have traditionally been held to be prerequisites in establishing a necessity defense: (1) the act charged as criminal must have been done to prevent a significant evil; (2) there must have been no adequate alternative to the commission of the act; (3) the harm caused by the act must not be disproportionate to the harm avoided; (4) the accused must entertain a good-faith belief that his act was necessary to prevent greater harm; (5) such belief must be objectively reasonable under all the circumstances; and (6) the accused must not have substantially contributed to the creation of the emergency. In the event of retrial on remand the foregoing elements should be incorporated into any tendered instruction on the defense of necessity.

For the reasons set forth herein, the judgment of the trial court is reversed and this cause is remanded.

Reversed and remanded.

SHARPNACK, C.J., and FRIEDLANDER, J., concur.