Taijuan PATTON, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–0104–CR–219.

Court of Appeals of Indiana.

Jan. 10, 2002.

---

Michael E. Caudill, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Grant H. Carlton, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

Taijuan Patton appeals his conviction for carrying a handgun without a license. We reverse and remand.

### ISSUE

Whether the trial court erred by refusing Patton's tendered instruction on the defense of necessity.

### FACTS

Taijuan Patton and his brother, Juan Patton, met a street vendor near their home and an altercation ensued, during which the vendor was shot in his legs. The vendor sold clothing from his van. The vendor claimed that the Pattons lured him to the location in order to rob him. The Pattons claimed that they each purchased $150 sweaters from the vendor the week before the altercation, and that the sweaters were defective when they were washed. The Pattons claimed that, at the time of the purchase, the vendor had offered a warranty for the merchandise and that the altercation occurred when the vendor refused to refund their money.

At the jury trial, the vendor and the Pattons offered their differing accounts of the events. The vendor claimed that he spoke to the Pattons for the first time on May 19, 2000, the day of the altercation. The vendor stated that while he was showing them merchandise in his van, the Pattons each held a gun to his head and stated their intention to rob him. The vendor contended that he struggled with Juan, and that he was shot in the legs by Taijuan.

The Pattons contended that their discussion with the vendor about refunds became heated, and that Juan began a physical struggle with the vendor when the vendor showed them a gun by opening his coat. Taijuan stated that the vendor, who was much larger than Juan, was savagely beating Juan when the gun fell to the ground. Taijuan stated that he immediately grabbed the gun to keep it from the vendor's reach, and to protect Juan from the vendor. Taijuan stated that he shot the vendor in one leg, but he continued to strike Juan. Then, according to Taijuan, he shot the vendor in the other leg, at which point the vendor fell to the ground. Taijuan testified that he believed the vendor would have killed Juan had he not intervened with the gun.

According to the Pattons, the police arrived at the scene immediately after the shooting. Taijuan stated that he threw the vendor's gun and began running. The Pattons ran to their home and stayed inside until the Indianapolis Police Department SWAT Team arrived. The Pattons both testified that they ran because they were scared.

Two police officers had been talking near the scene of the altercation when they heard the gunshots. Officer Stradling retrieved binoculars from his glove compartment and saw a man with a gun standing over another man. He testified that he arrived at the scene within 30 seconds. Officer Stradling testified that the Pattons ran from the scene. Officer Stradling chased them in his car and on foot and observed them enter their home. After the Pattons surrendered to the police, they were arrested and charged with multiple crimes.

Taijuan was charged with robbery, a class A felony; carrying a handgun with-

out a license, a class A misdemeanor; and resisting law enforcement, a class A misdemeanor. The Pattons were tried together.[1] Taijuan tendered a jury instruction on self-defense which was read to the jury in final instructions. Taijuan also tendered the pattern jury instruction on the defense of necessity with regard to the crime of carrying a handgun without a license. The State objected on the bases that 1) the self-defense instruction adequately covered the circumstances, and 2) the evidence did not comport with the factors required for the defense of necessity. The trial court refused the instruction.

The jury returned a verdict of not guilty as to the robbery charge. The jury found Taijuan guilty of carrying a handgun without a license and resisting law enforcement.

## DISCUSSION

Taijuan asserts that the trial court erred by refusing his instruction as to the defense of necessity. He contends that the concept in the defense of necessity instruction complements the self-defense instruction, but that the self-defense instruction alone did not accurately advise the jury as to his theory or the evidence. According to Taijuan, even if the jury believed his version of the events that he did not have a clear alternative to picking up the gun when it fell within the vendor's reach, the jury could have convicted him of the handgun charge.

A trial court enjoys broad discretion in the decision to instruct the jury, and the decision will be reviewed only for an abuse of discretion. *Smith v. State*, 730 N.E.2d 705, 706 (Ind.2000). When a tendered instruction is refused, a court on review considers: "(1) whether the refused instruction correctly stated the law; (2)

---

1. Taijuan is the only appellant in this appeal.

whether evidence supported giving the instruction; and (3) whether it was adequately covered by other instructions." *Id.*

In *Toops v. State,* 643 N.E.2d 387 (Ind. Ct.App.1994), we reversed Toops' conviction for driving while intoxicated and remanded for further proceedings because the trial court refused Toops' tendered instruction on the defense of necessity. We analyzed the possible origins of the defense and concluded that although the defense had not been addressed previously in Indiana in a substantive manner, it existed as a common law defense.[2] We went on to state:

> The law in this jurisdiction is well settled that a defendant in a criminal case is entitled to have the jury instructed on any theory or defense which has some foundation in the evidence. And this is so even if the evidence is weak or inconsistent. There is no question that the evidence presented in this case raised a jury question as to whether Toops's control of the car while intoxicated, an illegal act, was necessary to prevent a greater harm, namely: an automobile collision potentially resulting in personal injury or property damage. Because the trial judge has a statutory duty to state to the jury "all matters of law which are necessary for their information in giving their verdict" ..., the failure to give any instruction on the necessity defense in this case was error.

*Id.* at 389–90 (citations omitted).

While we concluded that the trial court erred by refusing to instruct the jury on the defense of necessity, we did not endorse the instruction tendered by Toops. We agreed with the six-part test for assessing the defense as set out in *People v.*

*Pena,* 149 Cal.App.3d Supp. 14, 197 Cal. Rptr. 264, 271 (1983). We held:

> [T]he following requirements have traditionally been held to be prerequisites in establishing a necessity defense: (1) the act charged as criminal must have been done to prevent a significant evil; (2) there must have been no adequate alternative to the commission of the act; (3) the harm caused by the act must not be disproportionate to the harm avoided; (4) the accused must entertain a good-faith belief that his act was necessary to prevent greater harm; (5) such belief must be objectively reasonable under all the circumstances; and (6) the accused must not have substantially contributed to the creation of the emergency. In the event of retrial on remand the foregoing elements should be incorporated into any tendered instruction on the defense of necessity.

*Id.* at 390.

In tracing the evolution of the defense in Indiana since the decision in *Toops,* two cases are of note. In *Judge v. State,* 659 N.E.2d 608, 611–12 (Ind.Ct.App.1995), we determined that the trial court did not err in refusing a defense of necessity instruction because it was unavailable as a matter of law to the defendants who, as trespassers, sought to prevent others from exercising their constitutional rights. The circumstances present here do not lead to the result in *Judge.* The evidence did not reveal that the defense was unavailable to Taijuan as a matter of law.

In *Dozier v. State,* 709 N.E.2d 27 (Ind. Ct.App.1999), we determined that the trial court, as the trier of fact, did not err in convicting the defendant for carrying a handgun on school property after the defendant invoked the defense of necessity. Also, we expanded on the analysis of the

---

**2.** We distinguished between common law crimes and common law defenses.

defense. We analogized to the State's burden when a self-defense claim is raised, and we noted:

> In order to negate a claim of necessity, the State must disprove at least one element of the defense beyond a reasonable doubt. The State may refute a claim of the defense of necessity by direct rebuttal, or by relying upon the sufficiency of the evidence in its case-in-chief. The decision whether a claim of necessity has been disproved is entrusted to the fact-finder. Where a defendant is convicted despite his claim of necessity, this court will reverse the conviction only if no reasonable person could say that the defense was negated by the State beyond a reasonable doubt.

*Id.* at 29 (citations omitted).[3] Thus, *Dozier,* explains the origin of the burden of proof carried by the State once the defense of necessity is raised.

At the close of evidence, Taijuan tendered the pattern jury instruction on the defense of necessity. The pattern instruction substantially recites the factors set out in *Toops,* and incorporates the burden of proof set out in *Dozier.* The pattern jury instruction states:

> Necessity is a defense to the crime of [*insert name of crime* ]. Necessity involves a choice between two admitted evils. In order for necessity to relieve the Defendant from responsibility for the crime charged, the following prerequisites must be established:

(a) the act charged as criminal must have been done to prevent a significant evil;

(b) there must have been no adequate alternative to the commission of the act;

(c) the harm caused by the act must not have been disproportionate to the harm avoided;

(d) the Defendant must have entertained a good-faith belief that his/her act was necessary to prevent greater harm;

(e) such belief of the Defendant's must have been objectively reasonable under all the circumstances of the case;

(f) and the Defendant must not have substantially contributed to the creation of the emergency.

The Defendant has raised necessity as a defense in this case. The State has the burden to disprove the necessity defense beyond a reasonable doubt.

Indiana Pattern Jury Instructions, Criminal § 10.23.

■ Taijuan's evidence presented at trial raised the defense of necessity with regard to the handgun charge. At trial, in support of the tendered instruction, Taijuan argued that he had no alternative to retrieving the gun; thus, his own testimony established the elements of carrying a handgun without a license.[4]

---

**3.** In *Shrum v. State,* 664 N.E.2d 1180 (Ind.Ct. App.1996), we noted that the question whether sufficient evidence of necessity existed was a question for the trier of fact. However, *Shrum* is inapposite to Taijuan's circumstances because it was based upon a specific statute on necessity, Ind.Code § 9–30–10–18, that provided for driving in an extreme emergency "to save life or limb" and required proof from the defendant by a preponderance of the evidence.

**4.** Ind.Code § 35–47–2–1 provides, in pertinent part: "[A] person shall not carry a handgun in any vehicle or on or about his person, except in his dwelling, on his property or fixed place of business, without a license issued under this chapter being in his possession."

The jury was instructed regarding Taijuan's claim of self-defense, including defense of a third person. The jury returned a not guilty verdict as to Taijuan's charge of robbery resulting in serious bodily injury.

 The jury could have believed that Taijuan's actions with regard to carrying the handgun were necessary; however, they were not informed regarding Taijuan's entire theory. As noted in *Toops,* "a defendant in a criminal case is entitled to have the jury instructed on any theory or defense which has some foundation in the evidence." 643 N.E.2d at 389. It was for the trier of fact, in this case the jury, to determine whether the State sufficiently disproved the existence of at least one of the factors within the defense.

 Here, the refused instruction correctly stated the law, the evidence supported giving the instruction, and the instruction was not covered by the other instructions given. *See Smith,* 730 N.E.2d at 706. Therefore, Taijuan was entitled to an instruction on the defense of necessity.

Reversed and remanded.[5]

SHARPNACK, J., and BAILEY, J., concur.

---

**5.** On remand, Taijuan may be retried in accordance with this decision without violating double jeopardy because, as Taijuan admitted at trial, the evidence was sufficient to convict him of carrying a handgun without a license. *See Grundy v. State,* 695 N.E.2d 167, 170 (Ind.Ct.App.1998) (retrial of a defendant is permissible on remand when sufficient evidence to sustain the conviction was presented at trial).