**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**TIMOTHY J. BURNS**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MONIKA PREKOPA TALBOT**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TERELLE YOUNG, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1308-CR-712 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable David M. Hooper, Commissioner
Cause No. 49F08-1301-CM-4769

**March 31, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

Appellant-Defendant, Terelle Young (Young), appeals his conviction for failure to stop after an accident resulting in personal injury, a Class A misdemeanor, Ind. Code §§ 9-26-1-1; -8.

We affirm.

## ISSUE

Young raises one issues on appeal which we restate as: Whether the State presented sufficient evidence beyond a reasonable doubt to disprove Young's necessity defense.

## FACTS AND PROCEDURAL HISTORY

On January 20, 2013, Melin Nesbitt (Nesbitt) was sitting in the front passenger seat of her car while parked outside a grocery store in Indianapolis, Indiana. Young, then eighteen-years-old, entered the driver's side of a red Lexus, which was parked approximately fifteen feet away. Putting his car in reverse, Young backed into Nesbitt's car as Nesbitt's husband was returning from the grocery store. Young exited his car, checked whether it was damaged, gave Nesbitt the finger, and drove away from the scene. Nesbitt copied down the car's license plate number. Later that same day, police officers located Young and the red Lexus at Young's mother's residence.

Because the collision caused Nesbitt's knee to strike the dashboard of her car and become painful and swollen, she received treatment in the emergency room. At the time of the accident, Young held a learner's permit and was prohibited from driving the car alone. Also, Young's "license had been suspended" after a previous incident where he

2

received a learner's permit violation and speeding infraction for driving over the speed limit. (Transcript p. 116).

On January 20, 2013, the State filed an Information charging Young with failure to stop after an accident resulting in personal injury, a Class A misdemeanor, I.C. §§ 9-26-1-1; -8. On April 29, 2013 and July 26, 2013, the trial court conducted a bench trial. During trial, Young asserted a necessity defense arguing that because Nesbitt's husband was shouting at him and walking towards him, he rapidly left out of fear that Nesbitt's husband would start a fight. At the close of the evidence, the trial court found Young guilty as charged and sentenced him to 365 days with four days executed and 361 days suspended to probation.

Young now appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

Young does not contest that he drove into Nesbitt's car and left the scene of the accident. He argues, however, that he did so out of necessity because Nesbitt's husband approached and acted as if he wanted to start a fight and that the State introduced insufficient evidence to prove otherwise. The common law defense of necessity has evolved over the years and is often referred to as the "choice of evils" defense. *Toops v. State*, 643 N.E.2d 387, 389 (Ind. Ct. App. 1994). Although the confines of the necessity defense vary from jurisdiction to jurisdiction, the central element involves the emergency nature of the situation. *Id.* That is, under the force of extreme circumstances, conduct that would otherwise constitute a crime is justifiable and not criminal because of the greater harm which the illegal act seeks to prevent. *Id.*

3

Traditionally, in order to prevail on a claim of necessity, the defendant must show that (1) the act charged as criminal must have been done to prevent a significant evil; (2) there must have been no adequate alternative to the commission of the act; (3) the harm caused by the act must not be disproportionate to the harm avoided; (4) the accused must entertain a good faith belief that his act was necessary to prevent greater harm; (5) such belief must be objectively reasonable under all the circumstances; and (6) the accused must not have substantially contributed to the creation of the emergency. *Dozier v. State*, 709 N.E.2d 27, 29 (Ind. Ct. App. 1999).

Our supreme court has noted that necessity is an affirmative defense and that an affirmative defense "admits all the elements of the crime but proves circumstances which excuse the defendant from culpability." *Melendez v. State*, 511 N.E.2d 454, 457 (Ind. 1987). Thus, in order to negate a claim of necessity, the State must disprove at least one element of the defense beyond a reasonable doubt. *Dozier*, 709 N.E.2d at 29. The State may refute a claim of the defense of necessity by direct rebuttal, or by relying upon the sufficiency of the evidence in its case-in-chief. *Id*. The decision whether a claim of necessity has been disproved is entrusted to the finder-of-fact. *Id*. Where a defendant is convicted despite his claim of necessity, this court will reverse the conviction only if no reasonable person could say that the defense was negated by the State beyond a reasonable doubt. *Id*.

Reviewing the evidence before us, we do not conclude that a necessity justified Young's departure from the scene of the accident without exchanging information with Nesbitt. By driving the vehicle with a learner's permit and without a licensed driver,

4

backing into Nesbitt's parked vehicle with enough force to injure her knee and giving her the middle finger, the trial court could reasonably conclude that Young substantially contributed to the existence of the emergency. Therefore, we affirm the trial court's decision.

## CONCLUSION

Based on the foregoing, we conclude that the State presented sufficient evidence beyond a reasonable doubt to rebut Young's necessity defense.

Affirmed.

ROBB, J. and BRADFORD, J. concur