Michael T. LEWIS, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 02A05–0112–CR–534.

Court of Appeals of Indiana.

June 6, 2002.

---

Thomas C. Allen, Fort Wayne, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Robin Hodap–Gillman, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

ROBB, Judge.

Michael Lewis was convicted following a jury trial of unlawful possession of a firearm by a serious violent felon ("unlawful

possession by a SVF"), a Class B felony; resisting law enforcement as a Class D felony; resisting law enforcement as a Class A misdemeanor; and failure to stop after an accident causing injury or death, a Class A misdemeanor. Lewis was also found to be an habitual offender, and his sentence for the Class D felony resisting law enforcement conviction was enhanced pursuant to that finding.[1] He now appeals his adjudication as an habitual offender and the resulting enhancement of his sentence. The State cross-appeals, claiming an error in sentencing. We affirm and remand.

### Issues

Lewis raises a single issue for our review, which we restate as whether the State presented sufficient evidence to support the habitual offender finding. In addition, the State raises one issue on cross-appeal, which we restate as whether the trial court erroneously determined that unlawful possession by a SVF is already an enhanced crime that can not be further enhanced by an habitual offender finding.

### Facts and Procedural History

Lewis was arrested on August 7, 2000, in Fort Wayne, Indiana, following police investigation of a reported "disturbance." Lewis was charged with unlawful possession by a SVF, carrying a handgun without a license as a Class C felony due to a previous felony conviction, and resisting law enforcement as a Class D felony. Lewis was alleged to be an habitual offender, thus enhancing each charge. He was also charged with a count of resisting law enforcement and a count of failure to stop after an accident causing injury or death, both Class A misdemeanors.

Prior to his jury trial, Lewis filed a motion to dismiss the habitual offender allegation as Part II of the unlawful possession by a SVF charge. He alleged that a conviction of unlawful possession by a SVF cannot be enhanced by an habitual offender finding. The trial court took the motion under advisement and the case proceeded to jury trial. The jury found Lewis guilty of all charges, and further found him to be an habitual offender based upon the evidence presented by the State during the enhancement phase of the trial. At the sentencing hearing, the trial court essentially granted Lewis' motion to dismiss the proposed habitual enhancement regarding the unlawful possession by a SVF conviction:

> So the court will reiterate the fact that we're entering judgment on Count I, Possession of a Firearm by a Serious Violent Felon, a Class B felony. Count III, Resisting Law Enforcement, a Class D felony. Count IV, Resisting Law Enforcement, a Class A misdemeanor. Count V, Failure to Stop after an Accident, a Class A misdemeanor, and Habitual Offender which attaches to Count III only. *It being inappropriate to enhance an already enhanced Count I, Possession of a Firearm by a Serious Violent Felon.*

Tr. of Sentencing Hearing at 9–10 (emphasis added). The trial court sentenced Lewis to a total of twenty-seven and one-half years, which includes a maximum sentence of three years for the Class D felony resisting law enforcement conviction enhanced by an additional four and one-half years due to the habitual offender finding. Both parties now appeal.

---

1. Lewis was also charged with and found guilty of carrying a handgun without a license, a Class C felony. Because the C felony carrying a handgun offense is a lesser included offense of unlawful possession of a firearm by a serious violent felon, the State moved to dismiss the C felony charge after the verdict. Appellant's Appendix at 29. Lewis challenges only the habitual offender determination on appeal.

### Discussion and Decision

### I. Lewis' Appeal: Sufficiency of the Evidence

Lewis contends that the State failed to present sufficient evidence to support the finding that he is an habitual offender.

### A. Standard of Review

■ Our standard of review for sufficiency claims is well settled: we will not reweigh the evidence or assess the credibility of witnesses. *Farris v. State,* 753 N.E.2d 641, 647 (Ind.2001). Rather, we look to the evidence and reasonable inferences drawn therefrom that support the verdict and will affirm the conviction if there is probative evidence from which a reasonable jury could have found the defendant guilty beyond a reasonable doubt. *Id.*

■ To establish that the defendant is a habitual offender, the State must prove beyond a reasonable doubt that the defendant has been previously convicted of two separate and unrelated felonies. Ind.Code § 35–50–2–8. To be "unrelated," the commission of the second felony must be subsequent to the sentencing for the first, and the sentencing for the second felony must have preceded the commission of the current felony for which the enhanced sentence is being sought. *Flint v. State,* 750 N.E.2d 340, 341 (Ind.2001). Failure to prove the proper sequencing requires that the habitual offender determination be vacated. *Id.*

### B. Proof of Predicate Offenses

During the habitual offender phase of Lewis' jury trial, the State introduced into evidence two exhibits. Exhibit 25 included a certified copy of an information filed April 18, 1994, charging "Michael T. Lewis" with dealing in a sawed off shotgun, a Class D felony, on or about April 12, 1994. Also part of this exhibit was a certified copy of a judgment of conviction dated December 1, 1994, against "Michael T. Lewis" which shows that the defendant entered a plea of guilty to dealing in a sawed off shotgun and was sentenced to three years confinement with the Indiana Department of Correction.[2] Exhibit 26 included a certified copy of an information filed May 5, 1998, charging "Michael T. Lewis a/k/a Shakey a/k/a Little Kulon a/k/a Joseph Omar Lewis" with committing residential entry, a Class D felony, and Criminal Recklessness, also a Class D felony, on or about April 23, 1998. Also included in this exhibit was a certified copy of a judgment of conviction dated May 13, 1999, against "Michael T. Lewis" which shows that the defendant entered a plea of guilty to residential entry and criminal recklessness, both Class D felonies, and was sentenced to a total of two years confinement.[3] Based upon testimony from the guilty phase of Lewis' trial, the instant offense occurred on August 7, 2000.

■ Lewis contends that the State's evidence fails to show that he is the same "Michael T. Lewis" who was charged and convicted in each of the previous proceedings for which it presented documentation. We must disagree. The charging information for the 1994 conviction includes the defendant's social security number and identifying information such as his weight and height. Exhibit 25, Exhibits Volume at 28. The charging informations for the

---

2. Lewis was also charged with and pleaded guilty to possession of marijuana, a Class A misdemeanor, for which he was sentenced to one year concurrent with the dealing sentence.

3. Lewis was also charged with and pleaded guilty to battery, a Class A misdemeanor, and was sentenced to one year concurrent with the other sentences.

1999 convictions include the same social security number and the same general identifying information for the defendant as the 1994 information. Exhibit 26, Ex. Vol. at 29. Finally, the charging informations for the instant offenses show the same social security number and general identifying information as the 1994 and 1999 informations.[4] This is sufficient evidence upon which to determine that the "Michael T. Lewis" in each charging information is the same individual and that he was convicted of two prior unrelated felonies. The habitual offender determination was supported by sufficient evidence.

## II. State's Cross–Appeal: Habitual Offender Enhancement

■ On cross-appeal, the State contends that the trial court erred in granting Lewis' motion to dismiss the habitual offender enhancement as it pertained to the unlawful possession by a SVF charge.[5]

### A. Standard of Review

■ A reviewing court will not revise a sentence authorized by statute except where such sentence is "manifestly unreasonable in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). Thus, a reviewing court will overturn the sentence imposed by the trial court only where there is an abuse of discretion. *Smith v. State*, 580

N.E.2d 298, 302–03 (Ind.Ct.App.1991), *trans. denied.*

### B. Nature of SVF Conviction

■ In his motion to dismiss the habitual offender allegation as it pertained to the unlawful possession by a SVF charge, Lewis contended that the unlawful possession by a SVF charge is part of a progressive punishment scheme and that it is improper to further enhance the charge by an habitual offender finding. The trial court agreed, stating that it was "inappropriate to enhance an already enhanced Count I, Possession of a Firearm by a Serious Violent Felon." Accordingly, the trial court enhanced Lewis' sentence for the felony resisting law enforcement conviction pursuant to the habitual offender finding. The State contends that the trial court made a mistake of law in stating that it could not enhance Lewis' sentence for unlawful possession by a SVF.

Lewis cites *Ross v. State*, 729 N.E.2d 113 (Ind.2000), in support of his position that the habitual offender enhancement cannot be applied to the unlawful possession by a SVF conviction. In *Ross*, the defendant was convicted of carrying a handgun without a license as a Class A misdemeanor. That conviction was then enhanced to a Class C felony because the defendant had a prior felony conviction within the previous fifteen years. He was further adjudged to be an habitual offend-

---

**4.** The date of birth on the 1994 information is "04–24–76." On the 1999 informations and the informations in the instant case, the defendant's date of birth is listed as "9/24/76." Lewis stated at his sentencing hearing that his date of birth was "9–24–76." Tr. of Sentencing Hearing at 3. Given that the other identifying information matches, we conclude that April date in the 1994 information is a typographic error.

**5.** Although Lewis does not contest the State's right to raise this issue, we note that Appellate

Rule 7(A) provides that the State "may not initiate an appeal of a sentence, but may cross-appeal where provided by law." The State may appeal only those matters specified in Indiana Code section 35–38–4–2. However, when a trial court fails to sentence a defendant in accordance with statutory requirements, the error is fundamental and the State may raise it for the first time on appeal. *Abron v. State*, 591 N.E.2d 634, 638 (Ind.Ct. App.1992), *trans. denied.*

er. He was sentenced to eight years for the felony handgun conviction, enhanced by an additional ten years pursuant to the habitual offender finding. The defendant appealed, arguing that his sentence could not be enhanced under two different sentence enhancement schemes. The supreme court agreed, noting that the handgun statute, Indiana Code section 35–47–2–23, is the more detailed and specific statute because it contains a more severe penalty for a repeat violation and for specific circumstances, whereas the general habitual offender statute, Indiana Code section 35–50–2–8, "remains a general prohibition on repeat offenses regardless of the activity ... involved." *Id.* at 116 (quoting *Freeman v. State*, 658 N.E.2d 68, 71 (Ind.1995)). "In light of the statutory construction favoring more specific statutes as opposed to more general ones and because of the Rule of Lenity, a misdemeanor conviction under the handgun statute, once elevated to a felony due to a prior felony conviction, should not be enhanced again under the general habitual offender statute." *Id.* at 117.

Subsequently, in *Conrad v. State*, 747 N.E.2d 575 (Ind.Ct.App.2001), *trans. denied,* this court examined the effect of *Ross* on an habitual offender enhancement of a sentence for unlawful possession by a SVF. The defendant in *Conrad* was convicted of unlawful possession by a SVF, and his sentence was enhanced due to an habitual offender determination. He was classified as a "serious violent felon" due to 1978 convictions of rape, confinement, criminal deviate conduct, and robbery. He was adjudged to be an habitual offender on the basis of the 1978 convictions and a 1966 conviction for burglary. Acknowledging that a different statute was considered in *Ross*, we nonetheless applied the principles announced in *Ross* and determined that

we are faced with an ambiguity in potential punishments as between the specific serious violent felon statute and the general habitual offender statute that must be resolved against the penalty. Thus, absent express clarification from our legislature or our supreme court, we believe it would contradict the Rule of Lenity as applied in *Ross*, and place form over substance, to hold the State may enhance a defendant's sentence for being a serious violent felon in possession of a firearm under the general habitual offender statute *by using a conviction that was also used to prove the defendant was a serious violent felon....*

*Conrad*, 747 N.E.2d at 594–95 (emphasis added). The holding in *Conrad* was driven by the fact that the defendant's 1978 convictions were used to classify him both as a "serious violent felon" and as an habitual offender. *See also id.* at 595 ("We, therefore, hold that a defendant convicted of unlawful possession of a firearm by a serious violent felon may not have his or her sentence enhanced under the general habitual offender statute *by proof of the same felony used to establish that the defendant was a 'serious violent felon.'* ") (emphasis added). That is not the situation we have here. In this case, Lewis was classified as a "serious violent felon" due to a 1987 felony conviction for criminal confinement. He was adjudged an habitual offender on the basis of a 1994 felony conviction for dealing in a sawed off shotgun and 1998 felony convictions for residential entry and criminal recklessness.

We acknowledge the practical effect of the handgun statutes, all of which have at their core the possession of a handgun as the criminal act.[6] Possession of a handgun

---

6. A "firearm" is defined as "any weapon that is capable of or designed to or that may

may be no crime at all if the defendant can prove that he has a license to carry it. In the absence of a license, possessing a handgun can be a Class A misdemeanor. Ind.Code § 35–47–2–23(c). If the defendant has a previous conviction for a handgun offense, a previous felony conviction, or carried the handgun under certain circumstances, the crime is elevated to a Class C felony. Ind.Code § 35–47–2–23(c)(1), (2). And if the previous felony has been designated a "serious violent felony," the crime is a Class B felony. Ind. Code § 35–47–4–5. Thus, in practical application, the handgun statutes do collectively impose increasingly severe punishments.

The organization of the statutes, however, leads us to believe that the two handgun statutes are separate and distinct schemes. The general handgun statute could have been amended to include the unlawful possession by a SVF provisions as a further step in its already progressive punishment scheme, but instead, the unlawful possession by a SVF statute stands alone. The general handgun statute prohibits only the possession of handguns, which, as we have noted, is a subset of the more general class of "firearms" to which the unlawful possession by a SVF statute applies. And the general handgun statute imposes a fifteen-year time limitation on the use of a previous felony conviction (other than for a handgun offense), whereas there is no time limitation on use of a previous felony to classify a defendant as a serious violent felon for purposes of the unlawful possession by a SVF statute. A prior felony conviction more than fifteen years old could not support a felony charge

for carrying a handgun but could nonetheless classify the defendant as a serious violent felon. Another panel of this court has stated that unlawful possession by a SVF is "a crime separate and distinct from carrying a handgun without a license and cannot be considered an enhancement thereof." *Hatchett v. State*, 740 N.E.2d 920, 923 n. 3 (Ind.Ct.App.2000), *trans. denied*. We agree, and find both *Ross* and *Conrad* to be distinguishable from this case: *Ross* because that case concerned only the general handgun statute, and *Conrad* because the unlawful possession by a SVF charge and the habitual offender enhancement in that case were both based upon the same predicate offense.

■ A person convicted of unlawful possession by a SVF is not convicted of an enhanced crime, and we therefore hold that, in circumstances in which the felony convictions used to classify the defendant as a serious violent felon and to classify him as an habitual offender are different, there is no impediment to imposing an habitual offender enhancement upon a sentence for unlawful possession by a SVF.

■ In the event of simultaneous multiple felony convictions and an habitual offender determination, the trial court must impose the resulting habitual offender enhancement upon only one of the convictions and must specify the conviction to be so enhanced. *Greer v. State*, 680 N.E.2d 526, 527 (Ind.1997). However, because an habitual offender determination is merely the trier of fact's determination that the defendant has accumulated two prior unrelated felony convictions, the determination

---

readily be converted to expel a projectile by means of an explosion." Ind.Code § 35–47–1–5. A "handgun" is "any firearm designed or adapted so as to be aimed and fired from one (1) hand, regardless of barrel length; or any firearm with a barrel less than sixteen

(16) inches in length; or an overall length of less than twenty-six (26) inches." Ind.Code § 35–47–1–6. Under the statutory definitions, a handgun is basically a subset of the general class of firearms.

is not linked to any particular felony conviction and applies equally to all such convictions. *Id.* The trial court therefore has discretion to choose which sentence to enhance. *Hendrix v. State,* 759 N.E.2d 1045, 1049 (Ind.2001).

In this case, the trial court stated at the sentencing hearing that it was enhancing the Class D felony resisting law enforcement sentence by the habitual offender finding because it did not believe that it could enhance the sentence for unlawful possession by a SVF. Had the trial court merely enhanced the resisting law enforcement conviction without stating its reasons, we would find no abuse of discretion, because it is clearly within the trial court's discretion to enhance whichever felony conviction it sees fit. However, the record leaves us unsure whether the trial court would have imposed the same sentence had it understood that it could do otherwise. We therefore remand to the trial court for re-sentencing consistent with this opinion.

*Conclusion*

There was sufficient evidence to support the jury's determination that Lewis was an habitual offender. It is not improper to enhance an unlawful possession by a SVF conviction by an habitual offender finding so long as the same felony conviction is not used to establish the elements of both. Because the trial court's statements at sentencing demonstrate that it did not believe it could enhance the conviction of unlawful possession by a SVF, we remand for re-sentencing consistent with this opinion.

Affirmed and remanded.

BAILEY, J., and NAJAM, J., concur.