**Steven McCULLOUGH, Appellant–Defendant/Cross–Appellee,**

v.

**STATE of Indiana, Appellee–Plaintiff/Cross–Appellant.**

**No. 49A02–0711–CR–931.**

Court of Appeals of Indiana.

June 30, 2008.

Steven J. Halbert, Carmel, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Monika Prekopa Talbot, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

CRONE, Judge.

### Case Summary

Steven McCullough appeals his convictions for class C felony criminal confinement, class D felony criminal confinement, and class A misdemeanor battery, as well as a habitual offender finding, on sufficiency and double jeopardy grounds. In a matter of first impression, the State brings a cross-appeal asserting that the trial court abused its discretion in balancing aggravating and mitigating factors in imposing McCullough's sentence and that the sentences for the class C felony and habitual offender counts are inappropriately lenient in light of the nature of the offense and McCullough's character. We hold that McCullough's convictions are supported by sufficient evidence but vacate the class D felony confinement conviction on double jeopardy grounds. We further hold that the State may challenge a defendant's sentence on cross-appeal for an abuse of discretion or inappropriateness, but only if the defendant appeals his sentence in his appellant's brief. Because

McCullough did not appeal his sentence, we do not reach the merits of the State's cross-appeal.

### Issues

McCullough raises the following issues:

I. Whether sufficient evidence supports his convictions; and

II. Whether his confinement convictions violate double jeopardy.

On cross-appeal, the State raises the following issue:

III. Whether the trial court abused its discretion in sentencing McCullough and whether his sentence for class C felony confinement is inappropriately lenient in light of the nature of the offense and his character.

### Facts and Procedural History

On June 3, 2007, three days after he was released to parole, McCullough insisted that his friend, Carol McGuire, leave her home and drive with him to his mother's house. The two left in McGuire's car, with McCullough driving. Instead of going to his mother's house, McCullough showed McGuire a garage from which he was considering starting a car detailing business. During the drive, the two began arguing. McCullough was screaming and angry, and McGuire was scared. Even though the car was moving, McGuire unbuckled her seatbelt and tried to get out of the car six or seven times. Each time, McCullough grabbed her left arm to prevent her from jumping out of the car. When they stopped at a stop sign or a stoplight, McCullough put his arm across McGuire's chest. McGuire asked McCullough to let her out of the car, but he continued to drive in the center lane. McGuire asked McCullough to drop her off at two different friends' houses, but McCullough refused. McCullough told McGuire that if she told anyone about what he had done, he would go back to jail, and she would "have to deal with" him and his family. Tr. at 20. Finally, McCullough drove McGuire home and left. Two days later, McGuire, who had a bruise on her left wrist, reported the incident to police.

On June 6, 2007, the State charged McCullough with class D felony criminal confinement, class A misdemeanor battery, and class A misdemeanor domestic battery. On June 14, 2007, the State amended the information to include a charge of class C felony criminal confinement. Four days later, the State filed a habitual offender allegation.

During the bench trial on August 16, 2007, the State dismissed the domestic battery charge. The court found McCullough guilty of the remaining charges and of being a habitual offender. At the sentencing hearing on September 13, 2007, several witnesses testified regarding McCullough's character. In sentencing McCullough, the trial court stated,

> The Court in its sentence found most significant that you had recently violated the conditions of your parole, that you have a history of criminal and delinquent activity. That's undeniable and that the Court finds that you are in need of correctional and rehabilitative treatment that could be best provided by commitment to a penal facility and that imposition of any reduced or sentence or suspension, more than the Court suspended would depreciate the seriousness of the crime to the victim in this matter. The Court does take into consideration the effect that this offense had on the victim. Additionally, by looking at your past and considering the amount of time that past [sic] between your release from the Department of Correction and the commission of this offense, the risk that you would commit another crime, the nature

and the circumstances of the crime committed. The mitigator that the Court does find and does note was that this crime resulted from circumstances that are unlikely to reoccur.... It's with great seriousness that I impose this sentence today. The change that your family has seen, I hope will continue and you will not have bitterness in your heart about the sentence. I heard the facts of this case. I found that the State met their burden of proof beyond a reasonable doubt. I have the certainty that I need as a human being and as a Judge to render my sentence in this matter I heard the facts of the case and I made my decision accordingly. I don't make it recklessly. I heard the facts of the case and from hearing both sides, this is my sentence.

Tr. at 112–13. The trial court sentenced McCullough to two years for each of the confinement convictions and to one year for the battery conviction, all concurrent. The trial court imposed a four-year habitual offender enhancement, for a total sentence of six years. The trial court ordered McCullough to serve two years in the Department of Correction and the remaining four years in a community corrections facility. Both parties now appeal.

## Discussion and Decision

### I. *Sufficiency of Evidence*

 McCullough contends that there is insufficient evidence to support his convictions for confinement and battery. In addressing a sufficiency challenge, we do not reweigh the evidence or judge the credibility of the witnesses, and we respect the factfinder's exclusive province to weigh conflicting evidence. *McHenry v. State,* 820 N.E.2d 124, 126 (Ind.2005). We may consider only the probative evidence and reasonable inferences supporting the judgment. *Id.* We must affirm if the probative evidence and reasonable inferences drawn therefrom could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. *Id.*

A person who knowingly or intentionally confines another person without the other person's consent by using a vehicle commits class C felony confinement. Ind.Code § 35–42–3–3(b)(1)(B). A person who knowingly or intentionally touches another person in a rude, insolent, or angry manner that results in bodily injury to another person commits class A misdemeanor battery. Ind.Code § 35–42–2–1(a)(1). " 'Bodily injury' means any impairment of physical condition, including physical pain." Ind.Code § 35–41–1–4.

Here, the State presented evidence that McCullough would not let McGuire out of the car despite her repeated requests and repeated attempts to exit the car. This is sufficient evidence to prove that he confined her. Further, McGuire testified that during their argument, McCullough was angry and screaming and that when he grabbed her arm to pull her back into the car, he was "hurting" her arm. Tr. at 24. McGuire's arm was bruised as a result of McCullough's actions. This is sufficient evidence to prove that McCullough committed battery.

 McCullough acknowledges that his conduct "[t]echnically ... meets the statutory definition of confinement." Appellant's Br. at 5. He argues, however, that he was acting out of necessity and claims, "It is reasonable, and even commendable, that McCullough did not allow McGuire to jump out of the moving car." *Id.* at 4. Generally, necessity may be an appropriate defense when, "under the force of extreme circumstances, conduct that would otherwise constitute a crime is justifiable and not criminal because of the greater harm which the illegal act seeks to prevent." *Toops v. State,* 643 N.E.2d 387,

389 (Ind.Ct.App.1994). The traditional elements of a necessity defense include:

> (1) the act charged as criminal must have been done to prevent a significant evil; (2) there must have been no adequate alternative to the commission of the act; (3) the harm caused by the act must not be disproportionate to the harm avoided; (4) the accused must entertain a good-faith belief that his act was necessary to prevent greater harm; (5) such belief must be objectively reasonable under all the circumstances; and (6) the accused must not have substantially contributed to the creation of the emergency.

*Id.* at 390.

> [T]o negate a claim of necessity, the State must disprove at least one element of the defense beyond a reasonable doubt. The State may refute a claim of the defense of necessity by direct rebuttal, or by relying upon the sufficiency of the evidence in its case-in-chief. The decision whether a claim of necessity has been disproved is entrusted to the factfinder. Where a defendant is convicted despite his claim of necessity, this court will reverse the conviction only if no reasonable person could say that the defense was negated by the State beyond a reasonable doubt.

*Dozier v. State,* 709 N.E.2d 27, 29 (Ind.Ct.App.1999) (citations omitted).

Here, the State established that McCullough's commission of the confinement and battery were unnecessary. Simply put, McCullough could have stopped the car and let McGuire get out as she requested, or McCullough himself could have gotten out of the car. McCullough did neither. Consequently, McCullough's claim of necessity fails. There is sufficient evidence to support the convictions.

## II. Double Jeopardy

■ McCullough argues that his convictions for class C felony confinement and class D felony confinement violate double jeopardy. The State agrees and asserts that we should vacate McCullough's class D felony conviction. Based on the State's concession, we vacate McCullough's class D felony confinement conviction.

## III. Sentencing

■ On cross-appeal, the State argues that the trial court improperly imposed a two-year minimum sentence on the class C felony confinement count "and improperly enhanced the sentence by only four years under the habitual [offender] count." Appellee's Br. at 10.[1] Specifically, the State contends that the trial court abused its discretion in balancing the aggravating and mitigating circumstances in imposing McCullough's sentence and that the sentences on the class C felony and habitual offender counts are inappropriately lenient in light of the nature of the offense and the character of the offender pursuant to Indiana Appellate Rule 7(B). The State requests that we either remand for resentencing or impose a longer sentence on both the class C felony confinement count and the habitual offender count.

To our knowledge, this is the first time that the State has raised these issues in a cross-appeal. *Cf., e.g., Barnett v. State,* 834 N.E.2d 169, 172–73 (Ind.Ct.App.2005) (addressing State's cross-appeal argument

---

1. McCullough did not file a reply brief in response to the State's cross-appeal. Typically, in such a circumstance, we may reverse if we find prima facie error. *Townsend v. State,* 843 N.E.2d 972, 974 (Ind.Ct.App.2006), *trans. denied.* Prima facie is defined as " 'at first sight, on first appearance, or on the face of it.' " *Id.* (citation omitted). Because Indiana Appellate Rule 7(A) bars the State's cross-appeal, however, the prima facie error rule is inapplicable.

"that the trial court incorrectly entered the habitual offender enhancement as a separate sentence and ordered the revoked sentence to run concurrently to the sentence in the present case."); *Lewis v. State*, 769 N.E.2d 243, 247 & n. 5 (Ind.Ct. App.2002) (addressing State's cross-appeal argument that trial court erred in granting defendant's motion to dismiss habitual offender enhancement as it pertained to unlawful possession of firearm by serious violent felon charge; "[W]hen a trial court fails to sentence a defendant in accordance with statutory requirements, the error is fundamental and the State may raise it for the first time on appeal.") (citing *Abron v. State*, 591 N.E.2d 634, 638 (Ind.Ct.App. 1992), *trans. denied* ), *aff'd on reh'g*, 774 N.E.2d 941, *trans. denied; Abron*, 591 N.E.2d at 637–38 (addressing State's cross-appeal argument that trial court erred in declining to impose habitual offender enhancement; "[A] trial court's failure to sentence a defendant in accordance with statutory requirements constitutes fundamental error, and may therefore be presented by the State for the first time upon appeal."). The question then arises whether Indiana law prohibits the State from raising these issues on cross-appeal.

Indiana Appellate Rule 7(A) provides, "A defendant in a Criminal Appeal may appeal the defendant's sentence. The State may not *initiate an appeal* of a sentence, but may *cross-appeal* where provided by law." (Emphases added.)[2]

Indiana Appellate Rule 9(D) provides for cross-appeals and does not limit the issues that may be raised therein. *See* Ind. Appellate Rule 9(D) ("An appellee may cross-appeal without filing a Notice of Appeal by raising cross-appeal issues in the appellee's brief. A party must file a Notice of Appeal to preserve its right to appeal if no other party appeals.").

In *Lewis*, another panel of this Court stated,

> Although Lewis does not contest the State's right to raise [the issue of whether the trial court erred in dismissing the habitual offender enhancement], we note that Appellate Rule 7(A) provides that the State "may not initiate an appeal of a sentence, but may cross-appeal where provided by law." The State may appeal only those matters specified in Indiana Code section 35–38–4–2. However, when a trial court fails to sentence a defendant in accordance with statutory requirements, the error is fundamental and the State may raise it for the first time on appeal.

769 N.E.2d at 247 n. 5 (citing *Abron*, 591 N.E.2d at 638).

To the extent *Lewis* suggests that Appellate Rule 7(A) and Indiana Code Section 35–38–4–2 are interrelated and bar the State from challenging a criminal defendant's sentence on cross-appeal except in cases of fundamental error, we respectfully disagree.[3] Appellate Rule 7(A) sim-

---

**2.** Indiana Appellate Rule 9(A) provides in pertinent part that "[a] party *initiates an appeal* by filing a Notice of Appeal with the trial court clerk within thirty (30) days after the entry of a Final Judgment." (Emphasis added.)

**3.** In her separate opinion in *Combs v. State*, 851 N.E.2d 1053 (Ind.Ct.App.2006), *trans. denied*, Judge Vaidik disagreed with the majority's conclusion that "appellate review of sentences under Appellate Rule 7(B) is con-

strained by *Blakely* [*v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) ]." *Id.* at 1061. Judge Vaidik relied on Appellate Rule 7(A)'s provision that "[a] *defendant* in a Criminal Appeal may appeal the defendant's sentence" in opining that "[u]nder Appellate Rule 7(B), Indiana appellate courts may not increase a defendant's sentence." *Id.* at 1065 (Vaidik, J., dissenting in part) (emphasis in *Combs* ). Judge Vaidik went on to say,

ply does not prohibit the State from challenging a sentence on cross-appeal, and Indiana Code Section 35–38–4–2 says nothing at all about cross-appeals.[4] We have often stated that it is just as important to recognize what a statute does *not* say as it is to recognize what it does say. *See, e.g., Abney v. State,* 811 N.E.2d 415, 419 (Ind. Ct.App.2004), *opinion adopted by* 821 N.E.2d 375 (Ind.2005). Thus, we conclude that Indiana Code Section 35–38–4–2 has no bearing on Appellate Rule 7(A).

■ That said, we interpret Appellate Rule 7(A) as making the State's right to cross-appeal a defendant's sentence—at least with respect to an abuse of discretion or inappropriateness, as in this case—contingent upon the defendant initiating an appeal of his sentence in his appellant's brief. Because McCullough did not appeal his sentence, Appellate Rule 7(A) bars the

State's cross-appeal. Nevertheless, we continue our analysis to determine whether other provisions of Indiana law would prohibit such a cross-appeal in the first instance and whether this Court may impose a longer sentence on appeal, as the State requests in this case.

We turn next to the Indiana Constitution. Article 7, Section 6 provides that the Court of Appeals

shall have no original jurisdiction, except that it may be authorized by rules of the Supreme Court to review directly decisions of administrative agencies. In all other cases, it shall exercise appellate jurisdiction under such terms and conditions as the Supreme Court shall specify by rules which shall, however, provide in all cases an absolute right to one appeal and to the extent provided by rule, re-

---

Appellate Rule 7(A) also provides, "The State may not initiate an appeal of a sentence, but may cross-appeal where provided by law." The State may appeal only those matters specified in Indiana Code § 35–38–4–2. *See* [*Lewis,* 769 N.E.2d at 247 n. 5]. In addition, the State may also appeal when a trial court fails to sentence a defendant in accordance with statutory requirements. *Id.* None of these reasons include increasing a defendant's sentence because it is inappropriate.

*Id.* n. 13 (Vaidik, J., dissenting in part). We agree with Judge Vaidik that Appellate Rule 7(B) does not implicate *Blakely*—at least with respect to crimes committed after Indiana's sentencing scheme was amended in response to *Blakely* in April 2005—but we respectfully disagree with her conclusion that Indiana appellate courts may not increase a defendant's sentence pursuant to Appellate Rule 7(B).

4. Indiana Code Section 35–38–4–2 reads as follows:

*Appeals* to the supreme court or to the court of appeals, if the court rules so provide, *may be taken by the state* in the following cases:
(1) From an order granting a motion to dismiss an indictment or information.

(2) From an order or judgment for the defendant, upon his motion for discharge because of delay of his trial not caused by his act, or upon his plea of former jeopardy, presented and ruled upon prior to trial.
(3) From an order granting a motion to correct errors.
(4) Upon a question reserved by the state, if the defendant is acquitted.
(5) From an order granting a motion to suppress evidence, if the ultimate effect of the order is to preclude further prosecution.
(6) From any interlocutory order if the trial court certifies and the court on appeal or a judge thereof finds on petition that:
(A) the appellant will suffer substantial expense, damage, or injury if the order is erroneous and the determination thereof is withheld until after judgment;
(B) the order involves a substantial question of law, the early determination of which will promote a more orderly disposition of the case; or
(C) the remedy by appeal after judgment is otherwise inadequate.
(Emphases added.) We observe not only that the statute specifically contemplates that these issues would be raised in an appeal initiated by the State, but also that these issues could rarely, if ever, be the subject of a cross-appeal.

view and revision of sentences for defendants in all criminal cases.[5]

The extent of our constitutional authority to review and revise sentences is defined in Indiana Appellate Rule 7(B): "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Nothing in either of these provisions prohibits the State from cross-appealing a defendant's sentence.

Likewise, nothing in either of these provisions prohibits this Court from imposing a longer sentence than that imposed by the trial court. As the State correctly observes, "[i]mposing a higher sentence on appeal is not novel to Anglo–Saxon jurisprudence." Appellee's Br. at 13. In *Serino v. State*, 798 N.E.2d 852 (Ind.2003), our supreme court discussed the constitutional authority of Indiana's appellate courts to review and revise sentences.[6] The *Serino* court noted that the drafters of the 1970 revisions to Article 7 of the Indiana Constitution relied on the Indiana Judicial Study Commission's report, which states, " 'The proposal that the appellate power in criminal cases include the power to review sentences is based on the efficacious use to which that power has been put by the Court of Criminal Appeals in England.' " *Id.* at 856 (quoting Report of the Judicial

Study Commission 140 (1967)). The statute establishing the Court of Criminal Appeals in England provides,

> On appeal against sentence the Court of Criminal Appeal shall, if they think that a different sentence should have been passed, quash the sentence passed at the trial, and pass such other sentence warranted in law by the verdict (*whether more or less severe*) in substitution therefore as they think ought to have been passed, and in any other case shall dismiss the appeal.

*Id.* (quoting Criminal Appeal Act, 1907, 7 Edward 7, ch. 23 § 4(3)) (emphasis added).

The *Serino* court further noted that the drafters of the revised Article 7

> provided explicitly for reference to certain historical materials to assist in interpreting its meaning: "The report of the Judicial Study Commission and the comments to the article contained therein may be consulted by the Court of Justice to determine the underlying reasons, purposes, and policies of this article and may be used as a guide in its construction and application."

*Id.* (quoting Ind. Const. art. 7, Schedule (Michie 1978 ed.)) Thus, although neither Article 7, Section 6 of the Indiana Constitution nor Appellate Rule 7(B) specifically authorizes this Court to impose a "more severe" sentence on appeal, we believe that such an authorization was specifically

---

5. The dissent states that Article 7, Section 6 "expressly provides for the 'review and revision of sentences for *defendants* in all criminal cases.' (Emphasis added). There is no mention of the State's right to challenge a defendant's sentence. This language indicates to me that the right to appeal sentences was intended to benefit defendants." Op. at 1285 (Barnes, J., concurring in result in part). We believe that the phrase "for defendants" merely serves to modify "sentences" and that our constitutional power to review and revise sentences may be invoked by both defendants and the State. We are likewise unpersuaded

by the dissent's reliance on *Anglemyer*, 868 N.E.2d 482, in which a criminal defendant appealed his sentence as being too severe. In light of the issue presented in *Anglemyer*, it is hardly surprising that our supreme court did not "indicate the State has a right to challenge a defendant's sentence as being too lenient." Op. at 1285 (Barnes, J., concurring in result in part).

6. Our supreme court's authority to review and revise sentences derives from Article 7, Section 4 of the Indiana Constitution.

contemplated by—and, more importantly, was not specifically prohibited by—the drafters of Article 7, Section 6 and the Indiana Supreme Court, which drafted Appellate Rule 7.[7]

In fact, our supreme court recently imposed a more severe sentence on each of a defendant's five class A felony deviate sexual conduct convictions in response to his request to review and revise his sentence pursuant to Appellate Rule 7(B). *Monroe v. State*, 886 N.E.2d 578 (Ind.2008). In *Monroe*, the trial court sentenced the defendant to twenty-two years of imprisonment on each count (i.e., two years above

the minimum sentence for a class A felony), with two years thereof suspended to probation, and ordered the sentences to be served consecutively for a total executed term of one hundred years. On appeal to this Court, Monroe raised several claims, including that his sentence was inappropriate in light of the nature of the offenses and his character. Another panel of this Court affirmed Monroe's convictions and sentence.

Our supreme court granted Monroe's petition to transfer and addressed only his inappropriate sentence claim. The court

---

7. We note that other states have taken different approaches regarding whether and under what circumstances the government may appeal a criminal defendant's sentence, as well as whether and under what circumstances an appellate court may increase or decrease a sentence. *Compare* Ind. Appellate Rule 7 *with, e.g.,* Alaska Stat. § 12.55.120(b) ("A sentence of imprisonment lawfully imposed by the superior court may be appealed to the court of appeals by the state on the ground that the sentence is too lenient; however, when a sentence is appealed by the state and the defendant has not appealed the sentence, the court is not authorized to increase the sentence but may express its approval or disapproval of the sentence and its reasons in a written opinion."); Del.Code Ann. tit. 10, § 9902(f) ("The State shall have an absolute right to appeal any sentence on the grounds that it is unauthorized by, or contrary to, any statute or court rule, in which case the decision or result of the State's appeal shall affect the rights of the accused."); Ill. Supreme Court Rule 615(b) ("On appeal the reviewing court may ... (4) *reduce* the punishment imposed by the trial court") (emphasis added); Mass. Gen. Laws ch. 211E, § 4(b) ("The commonwealth, with the personal approval of the attorney general or a district attorney, may appeal an otherwise final sentence if: (1) the sentence was imposed in violation of law; (2) the sentence was imposed as a result of an incorrect application of the sentencing guidelines; (3) the departure downward from the applicable guideline range was an abuse of discretion; or (4) the sentence was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable."); Mich. Court Rule 6.429(A) ("A motion to correct an invalid sentence may be filed by either party. The court may correct an invalid sentence, but the court may not modify a valid sentence after it has been imposed except as provided by law."); Neb.Rev.Stat. § 29–2320 ("Whenever a defendant is found guilty of a felony following a trial or the entry of a plea of guilty or tendering a plea of nolo contendere, the prosecuting attorney charged with the prosecution of such defendant may appeal the sentence imposed if such attorney reasonably believes, based on all the facts and circumstances of the particular case, that the sentence is excessively lenient."); N.Y. Law § 450.30(2) ("An appeal by the people from a sentence ... may be based only upon the ground that such sentence was invalid as a matter of law."); Pa. Cons.Stat. Ann. § 9781(a) ("The defendant or the Commonwealth may appeal as of right the legality of the sentence."); R.I. Gen. Laws § 12–19.3–4 ("Within twenty (20) days of the imposition of a sentence which is outside the presumptive sentencing range for the offense, the attorney general, if the court imposes a less severe sentence, or the defendant, if the court imposes a more severe sentence, may appeal the sentence to the supreme court in accordance with procedures to be established by the supreme court."); Tenn.Code Ann. § 40–35–402(a) ("The district attorney general in a criminal case may appeal from the length, range or manner of the service of the sentence imposed by the sentencing court[,]" limited to seven conditions in subsection (b) of statute); *and* Tex.Code Ann. § 44.01(b) ("The state is entitled to appeal a sentence in a case on the ground that the sentence is illegal.").

observed that although the trial court had identified three aggravating circumstances, it had failed to fulfill its obligation to explain why those circumstances justified "consecutive sentences as opposed to enhanced concurrent sentences." *Id.* at 580.[8] The court concluded that the trial court had improperly sentenced Monroe and elected to exercise its authority to review and revise the sentence pursuant to Article 7, Section 4 of the Indiana Constitution and Appellate Rule 7(B). The court determined that the nature of the offenses warranted enhanced, but not consecutive sentences, and that Monroe's criminal history did not justify consecutive sentences. Consequently, the court imposed the maximum fifty-year term for each of the five class A felony convictions and ordered that the sentences be served concurrently, with the trial court to determine "to what extent any portion of the sentence should be suspended to probation." *Id.* at 581.

We make two observations regarding our supreme court's opinion in *Monroe*. The first is that the court imposed a more severe sentence on each count, notwithstanding Monroe's request to reduce those sentences. The second is that although the court ultimately imposed a more lenient aggregate sentence, it said nothing to indicate that an appellate court may not impose a more severe aggregate sentence "if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender" pursuant to Appellate Rule 7(B). Because Appellate Rule 7(A) prohibits the State's cross-appeal, however, we affirm McCullough's sentence.[9]

Affirmed in part and vacated in part.

BRADFORD, J., concurs.

BARNES, J., concurs in result with separate opinion.

BARNES, Judge, concurring in part and concurring in result in part with separate opinion.

I concur with the majority's conclusions regarding the sufficiency of the evidence and double jeopardy. I disagree, however, as to the majority's conclusion that under certain circumstances the State is permitted to challenge a defendant's sentence on cross-appeal. I would conclude that the State may not challenge a sentence on cross-appeal in the absence of legal authority expressly authorizing it to do so. I concur in result regarding McCullough's sentence because it remains unchanged.

Indiana Appellate Rule 7(A)[10] prohibits the State from initiating an appeal of a

8. The court observed that Monroe had "committed his crimes before the legislature amended Indiana's sentencing statutes [in 2005] to provide for 'advisory sentences' rather than 'presumptive sentences'" and "[t]hus the prior presumptive sentencing scheme applies in this case." *Monroe*, 886 N.E.2d at 579. Here, McCullough was sentenced under the current advisory sentencing scheme. We do not believe that the legislature's amendments to Indiana's sentencing statutes had any effect on our authority to review and revise sentences pursuant to Article 7, Section 6 of the Indiana Constitution and Appellate Rule 7(B).

9. "Our Supreme Court has held that, in the event of simultaneous multiple felony convictions and a finding of habitual offender status, the trial court must impose the resulting penalty enhancement upon only one of the convictions and must specify the conviction to be so enhanced." *Rickert v. State*, 876 N.E.2d 1139, 1142 (Ind.Ct.App.2007) (citing *Carter v. State*, 686 N.E.2d 834 (Ind.1997)). In this case, the trial court did not specify which of the two felony convictions was to be enhanced. Because we have vacated one of those convictions, we need not remand for resentencing.

10. Curiously, the State does not refer to Indiana Appellate Rule 7(A) in its brief.

sentence—an indication to me that State appeals are extremely limited. This Rule, however, does allow the State to "cross-appeal *where provided by law.*" Ind. Appellate Rule 7(A) (emphasis added).

The majority interprets Indiana Appellate Rule 7(A) as limiting the State's right to cross-appeal a defendant's sentence to cases in which the defendant has initiated an appeal of his or her sentence.[11] However, I am not convinced that the State has the right to cross-appeal a defendant's sentence in any case. Contrary to the majority's analysis, in my opinion, the issue is not whether the State is expressly *prohibited* from challenging a defendant's sentence on cross-appeal. Based on the language of Indiana Appellate Rule 7(A), which permits the State to cross-appeal where "provided by law," I believe the issue is whether Indiana law expressly *allows* such a challenge. For several reasons, I conclude that it does not.

Indiana Code Section 35–38–4–2 describes the limited circumstances in which the State may appeal and provides:

> Appeals to the supreme court or to the court of appeals, if the court rules so provide, may be taken by the state in the following cases:
>
> (1) From an order granting a motion to dismiss an indictment or information.
>
> (2) From an order or judgment for the defendant, upon his motion for discharge because of delay of his trial not caused by his act, or upon his plea of former jeopardy, presented and ruled upon prior to trial.
>
> (3) From an order granting a motion to correct errors.

> (4) Upon a question reserved by the state, if the defendant is acquitted.
>
> (5) From an order granting a motion to suppress evidence, if the ultimate effect of the order is to preclude further prosecution.
>
> (6) From any interlocutory order if the trial court certifies and the court on appeal or a judge thereof finds on petition that:
>
> > (A) the appellant will suffer substantial expense, damage, or injury if the order is erroneous and the determination thereof is withheld until after judgment;
> >
> > (B) the order involves a substantial question of law, the early determination of which will promote a more orderly disposition of the case; or
> >
> > (C) the remedy by appeal after judgment is otherwise inadequate.

In addressing a prior version of this statute, our supreme court acknowledged that the State's limited right to prosecute a criminal appeal is dependant on legislative enactment. *State v. Sierp,* 260 Ind. 57, 60, 292 N.E.2d 245, 246 (1973). The *Sierp* court observed:

> "Generally speaking, under the common law as understood and administered in this country, the state or United States had no right to an appeal or writ of error in criminal cases. It is apprehended that the reason for such a policy was built on the idea that, when the state in its sovereign capacity brought a citizen into its own tribunals, before its own officers, and in obedience to its own processes, and lost, its avenging hand should be stayed except in unusual cases

---

**11.** Based on its holding that Indiana Appellate Rule 7(A) only permits the State to cross-appeal where the defendant has challenged his or her sentence on appeal, the majority notes that the prima facie error rule is "inapplicable." Op. at 1277 n. 1. When applying the majority's holding, I would conclude that the prima facie standard is applicable and that the State simply did not meet its burden.

where the power to appeal was expressly conferred."

*Sierp,* 260 Ind. at 60, 292 N.E.2d at 246 (quoting 92 A.L.R. 1137). The court concluded "that the state's right to appeal is statutory only...." *Id.,* 292 N.E.2d at 247.

Here, the State's challenge of McCullough's sentence does not fall into any of the categories set forth in Indiana Code Section 35–38–4–2. Thus, in my opinion, there is no statutory authority for the State to attack McCullough's sentence. As the majority mentions, the statute does not expressly address the issue of cross-appeals. However, the statute generally limits appeals that "may be taken by the state." Ind.Code § 35–38–4–2. This is broad language, and I believe it applies to any circumstance in which the State is prosecuting an appeal regardless of whether the State is initiating an appeal or cross-appealing. I see little logic in *prohibiting* the State from initiating an appeal challenging a defendant's sentence on the one hand, as Indiana Code Section 35–38–4–2 and Indiana Appellate Rule 7(A) do, while on the other hand *allowing* the State to challenge a sentence on cross-appeal as long as the defendant has raised any sentencing issue on appeal.

I also do not believe that the fundamental error doctrine, which we have used to allow the State to challenge an illegal sentence for the first time on appeal, is applicable here. *See Abron v. State,* 591 N.E.2d 634, 638 (Ind.Ct.App.1992) ("We need not determine whether the issue falls within [I.C. § 35–38–4–2], however, because a trial court's failure to sentence a defendant in accordance with statutory requirements constitutes fundamental error, and may therefore be presented by the State for the first time upon appeal."), *trans. denied.* Because there is no allegation that McCullough's sentence is statuto-

rily impermissible, there is no fundamental error.

Article 7, Section 6, of the Indiana Constitution expressly provides for the "review and revision of sentences for *defendants* in all criminal cases." (Emphasis added). There is no mention of the State's right to challenge a defendant's sentence. This language indicates to me that the right to appeal sentences was intended to benefit defendants.

Such a reading of the constitution, I believe, is consistent with *Anglemyer v. State,* 868 N.E.2d 482, 491 (Ind.2007) (emphasis added), in which, referring to Indiana Appellate Rule 7(B), our supreme court stated, "It is on this basis alone that a *criminal defendant may now challenge his or her sentence ....*" At no point does the *Anglemyer* court indicate the State has a right to challenge a defendant's sentence as being too lenient.

Similarly, in 2003, our supreme court changed the standard of appellate review from "manifestly unreasonable" to "inappropriate" as a modest step "to provide more realistic appeal of sentencing issues." *Serino v. State,* 798 N.E.2d 852, 856 (Ind. 2003). In doing so, our supreme court observed, "[t]his formulation places central focus on the role of the trial judge, while reserving for the appellate court the chance to review the matter in a climate more distant from local clamor." *Id.* at 856–57. This review change does not appear to have been intended to allow the State to more easily advocate that a defendant's legally permissible sentence was too lenient. Instead, I believe our supreme court, in drafting Indiana Appellate Rule 7(B) and applying it in numerous cases, is concerned with correcting sentences that are too severe. *See Combs v. State,* 851 N.E.2d 1053, 1065 (Ind.Ct.App.2006) (Vaidik, J., dissenting) ("Indeed, Appellate Rule

7(B) is used as a vehicle to *reduce* a defendant's sentence."), *trans. denied.*

I also believe the majority's reliance on *Monroe v. State*, 886 N.E.2d 578 (Ind.2008) is misplaced. *Monroe* does not hold that the State is authorized to challenge a defendant's sentence as being inappropriate. To the contrary, at issue in *Monroe* was the defendant's claim that his sentence was inappropriate. Moreover, Monroe was sentenced pursuant to the presumptive sentencing scheme, which required the trial court to balance the three aggravating circumstances against the non-existent mitigating circumstances. The trial court sentenced Monroe to eight years less than the presumptive on each count but ordered consecutive sentences, and our supreme court observed, "Indeed we find it ironic that despite a finding of aggravating circumstances, the trial court nonetheless imposed less than the presumptive sentence on each count." *Id.* at 580. Although our supreme court imposed a more severe sentence on each count, it did so at least in part because the trial court initially erroneously weighed the aggravators and mitigators. Our supreme court also modified the sentence so that the sentence on each count would be served concurrently. Further, Monroe's total sentence was reduced from 100 years executed to fifty years. In my opinion, our supreme court's imposition of a reduced sentence hardly supports the proposition that the State has the right to challenge a sentence as being too lenient. I believe *Monroe* is inapposite to the question before us today.

I am also not persuaded by the majority's reference to various state's statutes that address this issue. The ability of the state to appeal a sentence as being too lenient is state specific. Indiana's constitution, statutes, rules, and caselaw governing sentencing are unique. Likewise, the issue is not whether the State's challenge of a sentence amounts to double jeopardy—I do not contend that it does. The references to other jurisdictions are not persuasive to me as to whether the State is authorized to pursue a cross-appeal of a defendant's sentence in Indiana.

I believe based on the plain language of Indiana Appellate Rule 7(A) that the State must be authorized by law before it can pursue a cross-appeal challenging a defendant's sentence. Neither the State nor the majority point to any such authorizing authority. Accordingly, although allowing the State to appeal a defendant's sentence has an initial undeniable "sauce for the goose, sauce for the gander" attractiveness, I do not agree that cross-appeal may be made simply because there is nothing prohibiting it. It is my belief that Indiana jurisprudence leans heavily in the direction of not allowing such an appeal. In my opinion, the majority's holding chills the right of defendants to appeal sentences. Until directed otherwise, either by our legislature or our supreme court, I conclude that the State is not permitted to challenge a defendant's sentence on cross-appeal in any circumstance. For this reason, I concur in result with the majority's conclusion affirming McCullough's sentence.