## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
May 13 2016, 8:17 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Andrew B. Arnett
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Paula J. Beller
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Wayne E. Mitchell,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

May 13, 2016

Court of Appeals Case No.
73A01-1510-CR-1619

Appeal from the Shelby Circuit Court

The Honorable Charles D. O'Connor, Judge

Trial Court Cause No.
73C01-1504-F5-28

**Baker, Judge.**

[1] Wayne Mitchell appeals his conviction for Criminal Confinement,[1] a Level 5 felony, arguing that there is insufficient evidence to support it. Finding the evidence sufficient, we affirm.

## Facts

[2] On April 12, 2015, Mitchell and Melissa Degen were traveling in a car that Mitchell had recently stolen. While stopped at a truck stop in Whiteland, they began to argue. They continued to argue in the car as they drove away; Mitchell was driving and Degen was in the front passenger seat. The argument then became physical as Mitchell slapped Degen's face, pulled her hair, and choked her.

[3] Degen tried to exit the vehicle but Mitchell pulled her back inside by her hair. Degen asked Mitchell several times to let her out of the car but Mitchell used the child-proof lock to prevent her from rolling down the window or opening the door. Degen then used her phone to call 911. The dispatcher was able to track Degen's phone via GPS and officers soon found Mitchell's car driving through a bean field at a high rate of speed. Mitchell eventually came to a stop and was arrested.

[4] On April 13, 2015, the State charged Mitchell with criminal confinement, strangulation, domestic battery, interference with reporting of a crime, criminal

---

[1] Ind. Code § 35-42-3-3.

trespass, driving while suspended, and criminal mischief. The State later added charges of auto theft and invasion of privacy, and also alleged that Mitchell was an habitual offender.

[5] Prior to trial, Mitchell pleaded guilty to invasion of privacy and the State dismissed the driving while suspended charge. A jury trial was held on July 27 and 28, 2015. Following the State's case in chief, Mitchell moved for a directed verdict on all counts. The trial court granted Mitchell's motion as to the criminal trespass and criminal mischief counts. The jury then found Mitchell guilty of criminal confinement, domestic battery, and auto theft; and not guilty of strangulation and interference with the reporting of a crime. On September 17, 2015, the trial court sentenced Mitchell to five years and six months for criminal confinement, one year for domestic battery, two years and nine months for auto theft, and one year for invasion of privacy. Mitchell's sentence was enhanced by three years after the trial court found him to be an habitual offender. All sentences were ordered to be served concurrently. Mitchell now appeals his conviction for criminal confinement.

## Discussion and Decision

[6] Mitchell argues that the State presented insufficient evidence to support his conviction for criminal confinement. When a defendant challenges the sufficiency of the evidence supporting a conviction, this Court does not reweigh the evidence or judge the credibility of the witnesses. *McHenry v. State*, 820

N.E.2d 124, 126 (Ind. 2005). We consider only the probative evidence and the reasonable inferences drawn therefrom that support the verdict. *Id.*

[7] Indiana Code section 35-42-3-3 provides that "[a] person who knowingly or intentionally confines another person without the other person's consent commits criminal confinement." To "confine" means to "substantially interfere with the liberty of a person." I.C. § 35-42-3-1. The offense is raised to a Level 5 felony if "it is committed by using a vehicle." I.C. § 35-42-3-3(b)(1)(B).

[8] Both this Court and our Supreme Court have found on numerous occasions that the evidence supported a criminal confinement conviction under circumstances similar to this case. *See, e.g., Daniels v. State*, 274 Ind. 29, 35-36, 408 N.E.2d 1244, 1248 (Ind. 1980) (evidence supported criminal confinement conviction where defendant drove around with victim without her consent); *Stephens v. State*, 10 N.E.3d 599, 604 (Ind. Ct. App. 2014) (evidence supported criminal confinement conviction where defendant drove around with victim and ignored her repeated pleas to be let out of the car); *McCullough v. State*, 888 N.E.2d 1272 (Ind. Ct. App. 2008) (same), *vacated in part on other grounds*, 900 N.E.2d 745 (Ind. 2009). Thus, it is clear that evidence that a defendant has knowingly held a victim in a vehicle despite the victim's requests to be let out will support a criminal confinement conviction.

[9] Mitchell only argues that "[t]here was [] nothing on the record which indicated it was feasible [to stop] or there was a safe place to let Degen out of the car." Appellant's Br. p. 9. We disagree. The record indicates that Mitchell was

driving on roads and through a bean field. There is nothing inherent in the nature of a road or a bean field that prevents a car from stopping, and Mitchell has not argued that there were any special circumstances here. From this evidence, a reasonable jury could infer that Mitchell could have stopped at any point following Degen's request that he do so. The vehicle was clearly capable of stopping, as Mitchell stopped when the officers caught up with him. Accordingly, the evidence was sufficient to support Mitchell's conviction for criminal confinement.

[10] The judgment of the trial court is affirmed.

May, J., and Brown, J., concur.