Lloyd **FLINT**, Defendant–Appellant,

v.

**STATE of Indiana, Plaintiff–Appellee.**

No. 58S01–0106–CR–302.

Supreme Court of Indiana.

June 27, 2001.

Leanna Weissmann, Lawrenceburg, IN, Attorney for Appellant.

Karen Freeman–Wilson, Attorney General of Indiana, James B. Martin, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

On Petition to Transfer

DICKSON, Justice.

The defendant, Lloyd Flint, was convicted of criminal recklessness with a deadly weapon as a class D felony,[1] attempted battery with a deadly weapon as a class C felony,[2] and found to be a habitual offender.[3] In a memorandum decision, the Court of Appeals found that it was error to convict the defendant for both offenses based on the same evidence, but rejected the defendant's other appellate claims. Seeking further review, the defendant petitions for transfer, asserting that the Court of Appeals erroneously determined that his habitual offender finding was based on sufficient evidence. We now grant transfer.

To establish that the defendant is a habitual offender, the State must prove beyond a reasonable doubt that the defendant has been previously convicted of two separate and unrelated felonies. Ind.Code § 35–50–2–8. To be "unrelated," the commission of the second felony must be subsequent to the sentencing for the first, and the sentencing for the second felony must have preceded the commission of the current felony for which the enhanced sentence is being sought. *Toney v. State*, 715 N.E.2d 367, 369 (Ind.1999). Failure to prove the proper sequencing requires that the habitual offender determination be vacated. *Henderson v. State*, 534 N.E.2d 1105, 1109 (Ind.1989). In addressing the issue of sufficiency of evidence, we will affirm the conviction if, considering only the probative evidence and reasonable inferences supporting the verdict, without weighing evidence or assessing witness credibility, a reasonable trier of fact could conclude that the defendant was convicted of two previous separate and unrelated felonies beyond a reasonable doubt. *Id.*

Here, the evidence did not establish the commission date of the second felony. The State presented evidence that on December 20, 1972, the defendant was convicted and sentenced for an August 31, 1972, forgery, and that on February 16, 1977, he was convicted in Ohio for a murder for which he was arrested in June, 1974.[4] The evidence does not provide any fact or reasonable inference to establish

---

1. Ind.Code § 35–42–2–1.

2. Ind.Code § 35–42–2–2.

3. Ind.Code § 35–50–2–8.

4. The State initially proffered exhibit L, purported to be a copy of the Ohio indictment on the murder charge that alleged the date of the murder, but following a defense objection based on improper foundation and a colloquy between counsel and the trial court, the exhibit was not received into evidence. Record at 615; Supp. Record at 3–5.

that the murder was committed after the defendant was sentenced for his forgery conviction.

Transfer is granted, and we hold that the evidence was insufficient to support the habitual offender finding. As to all other issues, the Court of Appeals is summarily affirmed. Ind.Appellate Rule 58(A)(2).[5] This cause is therefore remanded to the trial court to vacate Flint's conviction and sentence for criminal recklessness with a deadly weapon, to vacate the habitual offender enhancement, and to re-sentence the defendant on his conviction for attempted battery with a deadly weapon.

SHEPARD, C.J., and SULLIVAN, BOEHM, and RUCKER, JJ., concur.

---

**5.** Formerly Ind.Appellate Rule 11(B)(3). Because the petition to transfer was filed after January 1, 2001, the new rule applies. Order Amending Indiana Rules of Appellate Procedure, found in volume 722–724 of Ind. Cases ed. of N.E.2d at XXXII, XCIII (2000).