## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 04 2018, 10:07 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Michael Roose
Elkhart, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lee M. Stoy, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Michael L. Wilson,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

September 4, 2018

Court of Appeals Case No.
18A-CR-621

Appeal from the Elkhart Superior
Court

The Honorable Stephen R.
Bowers, Judge

Trial Court Cause No.
20D02-1010-FB-26

**Bradford, Judge.**

# Case Summary

In January of 2018, a jury found that Michael Wilson was a habitual criminal offender. Wilson appeals, arguing that the jury's finding should be overturned because the trial court erroneously instructed the jury. We affirm.

# Facts and Procedural History

On October 13, 2010, the State charged Wilson with Class B felony burglary and alleged that he was a habitual offender. Following a bifurcated trial, the jury found Wilson guilty as charged. We affirmed Wilson's conviction and the habitual offender finding on direct appeal. However, the habitual offender finding was overturned during post-conviction proceedings and the matter was remanded for a new trial on the habitual offender allegation.

On January 17, 2018, the trial court conducted a jury trial on the habitual offender allegation. In both its preliminary and final instructions, the trial court instructed the jury that:

> The State may seek to have a person convicted of a felony sentenced as a **habitual criminal offender** by proving that the person has accumulated two (2) prior unrelated felony convictions. To be unrelated, a felony must be committed after the Defendant has already committed and been sentenced for another felony. The Defendant was convicted of Burglary, a felony, as charged on page one (1), on August 24, 2011, for a burglary committed August 8, 2010, after a jury trial. In this phase of the case, you must consider this further charge of Habitual Criminal Offender[.]

Appellant's App. Vol. III, pp. 24, 42 (bold in original).  The trial court's instructions informed the jury that "the Defendant has entered a plea of not guilty and … the burden rests upon the State of Indiana to prove to each juror, beyond a reasonable doubt, every material element of the crime(s) charged in this information."  Appellant's App. Vol. III, pp. 25, 43.  The trial court further instructed the jury as follows:

> On August 24, 2011, the Defendant has been convicted of the offense of Burglary, a felony, charged in Page I of this Information, an offense committed on or about the 8th day of August 2010.
>
> You may find the Defendant is a **habitual criminal offender** only if the State has proven each of the following facts beyond a reasonable doubt:
>
> The Defendant:
>
>> 1.  On the 13th day of January, 2007, committed the offense of Receiving Stolen Property, a class D felony, and was convicted and sentenced for such felony on the 23rd day of May, 2007, under cause number 20D06-0701-FD-21, Elkhart County and;
>>
>> 2.  Later on the 12th day of December, 2008, committed the offense of Escape, a class D felony, and was convicted and sentenced for such felony on the 8th day of September, 2009, under cause number 20D02-0904-FD-22, Elkhart County, and;
>>
>> 3.  Later committed the offense set out in Count I, Burglary, a felony, on or about the 8th day of August, 2010, of which the Defendant was convicted of in Phase I on the 24th day of August, 2011.

If the State failed to prove these elements beyond a reasonable doubt, you must find the Defendant is not a Habitual Criminal Offender.

If the State did prove these elements beyond a reasonable doubt you should find the Defendant is a Habitual Criminal Offender.

Appellant's App. Vol. III, pp. 27, 45 (bold in original).

[4]     The following exchange occurred during the State's presentation of evidence:

[THE STATE]:  Thank you Your Honor.…  At this point the State moves to incorporate by reference all evidence, testimony and the jury verdict from Phase one –

MR. WILSON:  Objection.

[THE STATE]:  – of the trial into Phase two of this trial. Specifically I ask that you instruct to the jury that they can consider the information that Mr. Wilson committed the act of burglary, a felony, on August 8, 2010 and was convicted by a jury on August 24th of 2011.

THE COURT:  Response [Defense Counsel]?

[DEFENSE COUNSEL]:  No objection Your Honor.

MR. WILSON:  Why ain't you objectin'?

THE COURT:  I will grant that request.

[THE STATE]:  Will you so instruct the jury?

THE COURT:  Ladies and gentlemen, you are specifically instructed that the date of commission of the underlying offense from page one of the information and the date of conviction are

as set out in your instructions and that that date is – and that the commission of that offense and the date of commission as well as the date of conviction are not at issue in this case. Those matters have already been established having been proved beyond a reasonable doubt to the satisfaction of another jury.

Tr. Vol. II, pp. 62–63. The jury found that Wilson was a habitual offender. The trial court imposed a sentence enhancement of fifteen years, with three of those years suspended to probation.

## Discussion and Decision

[5] "To establish that the defendant is a habitual offender, the State must prove beyond a reasonable doubt that the defendant has been previously convicted of two separate and unrelated felonies." *Flint v. State*, 750 N.E.2d 340, 341 (Ind. 2001).

> To be "unrelated," the commission of the second felony must be subsequent to the sentencing for the first, and the sentencing for the second felony must have preceded the commission of the current felony for which the enhanced sentence is being sought. Failure to prove the proper sequencing requires that the habitual offender determination be vacated.

*Id.* (internal citations omitted). Therefore, in order to prove that Wilson was a habitual offender, the State was required to prove proper sequencing of the felonies listed in the habitual offender allegation.

In challenging the habitual offender finding on appeal, Wilson only contends that the trial court erred in instructing the jury during the habitual offender phase of his trial.

> Because instructing the jury is a matter within the sound discretion of the trial court, we will reverse a trial court's decision to tender or reject a jury instruction only if there is an abuse of that discretion. We determine whether the instruction states the law correctly, whether it is supported by record evidence, and whether its substance is covered by other instructions. Jury instructions are to be considered as a whole and in reference to each other; error in a particular instruction will not result in reversal unless the entire jury charge misleads the jury as to the law in the case.

*Pattison v. State*, 54 N.E.3d 361, 365 (Ind. 2016) (internal citations and quotations omitted). "Where, as here, the defendant failed to preserve an alleged instructional defect, the objection is waived, and reversal is warranted only in instances of fundamental error."[1] *Id*.

> Error is fundamental if it is a substantial blatant violation of basic principles and where, if not corrected, it would deny a defendant fundamental due process. This exception to the general rule requiring a contemporaneous objection is narrow, providing relief only in egregious circumstances that made a fair trial impossible.

*Id*. (internal citations and quotations omitted).

---

[1] Wilson does not assert that his outbursts during trial were sufficient to preserve the issue for appeal.

[7] Wilson claims that it was fundamental error to instruct the jury that the dates of the commission of, and his conviction for, the underlying burglary were not at issue. In making this claim, Wilson argues the challenged instruction violated his due process rights "because it created a mandatory, conclusive presumption that relieved the State of its burden of proving the timing and sequence of the underlying offense, which is necessary to show that the two other alleged felonies were 'unrelated' to the underlying offense." Appellant's Br. p. 8. We disagree.

[8] A close examination of the challenged instruction convinces us that the instruction did not relieve the State of any part of its burden of proof. It merely informed the jury in the habitual offender phase that a different jury had determined in a prior phase of the trial that the State had met its burden of proving the facts relating to the underlying burglary conviction. Wilson has pointed to no relevant authority suggesting that it was improper for the trial court to refer to findings and conclusions made during earlier phases of the trial. As such, we conclude that the trial court did not commit error, much less fundamental error.[2]

[9] The judgment of the trial court is affirmed.

---

[2] In reaching this conclusion, we additionally note that Wilson's defense was not based on any assertion relating to his burglary conviction. Instead, it was based on the assertion that the State failed to present sufficient evidence to prove that he committed one of the two alleged prior convictions.

Bailey, J., and Mathias, J., concur.