# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 03 2020, 8:53 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kurt A. Young
Nashville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samantha M. Sumcad
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Joshua L. Waller,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | April 3, 2020<br><br>Court of Appeals Case No.<br>19A-CR-2615<br><br>Appeal from the Brown Circuit Court<br><br>The Honorable Mary Wertz, Judge<br><br>Trial Court Cause No.<br>07C01-1611-F4-477 |

**Bradford, Chief Judge.**

# Case Summary

On April 20, 2019, Joshua Waller pled guilty to Level 5 felony attempted child solicitation and Level 6 felony dissemination of matter harmful to minors. At sentencing, the trial court accepted Waller's guilty plea and sentenced him in accordance with its terms. The trial court also found that given Waller's prior unrelated conviction for Level 4 child molesting, Waller was a sexually violent predator ("SVP"). Waller challenges the SVP classification on appeal. We reverse and remand for further proceedings consistent with this decision.

# Facts and Procedural History

On May 1, 2016, Waller engaged in a social-media communication with eleven-year-old K.H. During this communication, Waller, believing that K.H. was a child under the age of eighteen, sent K.H. a picture of his penis. On May 13, 2016, Waller communicated online with a person who he believed to be a thirteen-year-old girl. During this communication, Waller expressed that he "wanted to engage in sexual intercourse" with the girl. Tr. p. 19. Although the person with whom he was communicating turned out to be an adult police officer, Waller believed that he was asking a thirteen-year-old girl to engage in sexual intercourse.

On November 2, 2016, the State charged Waller with Level 5 felony attempted child solicitation, Level 6 felony dissemination of matter harmful to minors, and two counts of Class A misdemeanor inappropriate communication with a

child. While awaiting trial in the instant case, on May 15, 2017, Waller was convicted of Level 4 felony child molesting in Henry County ("the Henry County conviction"). In that case, Waller was sentenced to a term of ten years with two years suspended to probation. He was also ordered to register with the State's sex offender registry for a period of ten years upon his release from incarceration.

[4] In April of 2019, Waller entered into a plea agreement under the terms of which he agreed to plead guilty to the Level 5 felony attempted child solicitation and Level 6 felony dissemination of matter harmful to minors. In exchange, the State agreed to dismiss the remaining charges, that the sentences for the convictions should run concurrently, and that the executed portion of his sentence should be capped at three years. On October 16, 2019, the trial court accepted Waller's guilty plea and sentenced him to an aggregate three-year term. Noting the Henry County conviction, the trial court also found that Waller was an SVP.

# Discussion and Decision

[5] Waller contends that the trial court erred in finding him to be an SVP. In challenging his classification as an SVP, Waller claims that "[a]t the time of the commission of the offenses in this case, he did not have a previous unrelated conviction for a sex offense for which he was required to register as a sex or violent offender." Appellant's Br. p. 6. Specifically, he argues that although he had committed the acts leading to the Henry County conviction prior to

committing the underlying offenses, he had not yet been convicted of child molesting in Henry County when he committed the underlying offenses. Waller therefore claims that the trial court erred by finding him to be an SVP.

[6] Indiana Code section 35-38-1-7.5(b)(2) provides: "(b) A person who … (2) commits a sex offense (as defined in IC 11-8-8-5.2) *while having a previous unrelated conviction* for a sex offense for which the person is required to register as a sex or violent offender under IC 11-8-8 … is a sexually violent predator." (Emphasis added). The statutory sequence included in this statute is that an individual commits a sex offense *while having* a previous unrelated conviction for a sex offense. Thus, a plain reading of the statute indicates that proper sequencing requires that the individual must have been convicted of the unrelated sex offense prior to committing the acts at issue in the instant case.

[7] This reading is consistent with the Indiana Supreme Court's prior decision regarding proper sequencing in habitual-offender determinations. In *Flint v. State*, 750 N.E.2d 340, 341 (Ind. 2001), the Indiana Supreme Court provided that failure to prove the proper sequencing requires that the habitual offender determination be vacated. The Court also outlined the proper sequencing for habitual offender determinations as requiring the commission of the second felony to be subsequent to the sentencing for the first, and the sentencing for the second felony to have preceded the commission of the felony for which the enhanced sentence is being sought. *Id.*

[8] Reading the SVP statute in a manner consistent with the Indiana Supreme Court's decision in *Flint*, we are convinced that Waller could only be found to be an SVP under Indiana Code section 35-38-1-7.5(b)(2) if he committed the sex offense at issue *after* being convicted of an unrelated sex offense. Because Waller committed the sex offense at issue in the instant case before he was convicted of a sex offense in the Henry County case, we therefore conclude that the trial court erred in finding Waller to be an SVP under Indiana Code section 35-38-1-7.5(b)(2).

[9] However, while the trial court erred in finding Waller to be an SVP under Indiana Code section 35-38-1-7.5(b)(2), we note that in its Appellee's Brief, the State has argued that one remedy would be to remand the matter to the trial court for resentencing, specifically for the trial court to consider whether Waller could be found to be an SVP under another subsection of Indiana Code section 35-38-1-7.5. Under these circumstances, we remand the matter to the trial court with instructions to conduct a hearing during which the trial court should resentence Waller, considering whether he qualifies as an SVP under any other subsection of Indiana Code section 35-38-1-7.5.

[10] The judgment of the trial court is reversed and remanded for further proceedings consistent with this decision.

Baker, J., and Pyle, J., concur.